Marcus Gr. Christ, J.
This is a motion by the defendants for summary judgment. The plaintiff by way of cross motion moves for an examination before trial and discovery and inspection. The plaintiff sues to recover the sum of $108,000 alleged to be the balance due under a contract by the terms of which the plaintiff claims the defendants agreed to purchase certain real property and a dwelling house to be erected thereon by the plaintiff for the contract price of $110,000. The defendants in their answer plead the Statute of Frauds as a defense and assert further by way of defense and counterclaim that the transaction never proceeded beyond the negotiation stage and that there was, in fact, no contract. The defendants seek dismissal of the plaintiff’s complaint and judgment on their counterclaim in the amount of $2,000 representing the amount paid by them to the plaintiff during the course of the negotiations.
The receipt for the $2,000 is insufficient to be a contract in itself. It discloses on its face the absence of a meeting of the minds on essential elements of a contract. A check of the defendants for $2,000 is acknowledged in the receipt “ the proceeds of which represent payment on account of the purchase price ” of the property. However, the receipt also states that “ the balance of the purchase price in the sum of $108,000 shall be paid in such installments as may be agreed upon by the undersigned and the purchasers and which are to be more specifically reflected in a formal agreement, not only for the sale of the- said land but for the erection and construction of a finished dwelling containing all refinements and ready for occupancy ”. Not only does the receipt contemplate the execution of a formal contract at a subsequent time but shows clearly that when the receipt was given the parties had not agreed upon the type of dwelling house, the manner in which it was to be constructed or how payment was to be made. The receipt specifically states that the terms and conditions of the formal contract are to be subject to the approval of the purchasers and their attorney, thus indicating that negotiations would have to be engaged in before a meeting of the minds was crystalized *162 in a formal contract. It is also apparent from the receipt that at the time it was given no plans or specifications for the house to be erected on the real property were in existence in final form because the receipt expressly states that the formal contract is to be executed by the plaintiff and the defendants after the plans and specifications then in process of being prepared “ shall have been approved as to form and substance ”. The receipt further recites, that if the formal contract is signed the $2,000 payment shall apply on account of the purchase price more specifically to be embodied in the formal contract.
The parties were unable to agree upon a formal contract despite the submission of several drafts of proposed agreement. No contract was ever signed and no valid agreement for the purchase of the land and the house to be constructed thereon came into being (Real Property Law, § 259; Berman v. Keener, 85 N. Y. S. 2d 483). It follows that the defendants are entitled to the return of the money paid. The motion for summary judgment is granted and the cross motion for an examination before trial and discovery and inspection denied.
Settle order on notice.